IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

VILMA BOUCHARD, ADMINISTRATRIX OF
ESTATE OF SAMANTHA A. BOUCHARD,

        Plaintiff,                            04cv1798

    v.                                  Electronically Filed

CSX TRANSPORTATION, INC.,

        Defendant.

**Order of Court**

Pending before this Court's is defendant's motions for reconsideration (doc. nos 135 and 136) of this Court's Order granting plaintiff's motions in limine regarding John Drake and Dave Hart (doc. no. 132).  In this Court's prior Order on said motions in limine, this Court precluded Mssrs. Drake and Hart from testifying at trial and stated as follows:

> [D]efendant never disclosed either Mr. Drake or Mr. Hart as potential witnesses in the Fed. R. Civ. P. 26 disclosures or supplements thereto, and defendant did not identify them as witnesses in any discovery response.  The first time Mssrs. Drake and Hart were disclosed was in defendant's pretrial statement, and their proffered testimony is offered more as expert witnesses, yet defendant has failed to identify them as such.  Further, any evidence related to the CSX Transportation Program of Instruction on Operating Rules will be excluded for failure to produce or disclose the existence of such to plaintiff in a timely manner.

(Doc. No. 132).

Defendant now seeks reconsideration of the Order and argues, *inter alia*, that this Court did not make the necessary findings of bad faith and willfulness and other factors as set forth by the United States Court of Appeals for the Third Circuit in *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 905 (3d Cir. 1977).  In the above cited Order, this Court was attempting to rule implicitly, so as not to embarrass defendant, that there was bad faith in failing

to identify these witnesses or produce the relevant materials.  However, because defendant has

moved for reconsideration, this Court is compelled to find explicitly that defendant acted in bad

faith in waiting until the pretrial filings to reveal these witnesses and documents.  In plaintiff's

motions in limine on this subject (doc. nos. 80 and 87) and its reply to defendant's response (doc.

no. 131), plaintiff more than adequately argued its position that defendant acted in bad faith and

was attempting to gain an unfair advantage over plaintiff by withholding the names of such

witnesses and documents.[1]   Additionally, plaintiff explained, and this Court agrees, that because

this Court had already entered two prior discovery orders (doc. nos. 23, 28) against defendant on

prior motions to compel, that the facts in the present situation are distinguishable from the facts

in the *Meyers* case.  In *Meyers,* unlike the instant case, there was no willful deception and/or

flagrant disregard of a court order.

This case has been pending since November 23, 2004, and the accident occurred on May

25, 2003.  This Court finds it hard to fathom that it would take defendant almost two years, after

a successful appeal by plaintiff and until a few months before trial, to discover said witnesses and

documents and disclose them to plaintiff.  Here, in light of the prior orders on the motions to

compel, this Court finds that defendant engaged in a pattern of intentionally withholding of

documents and witnesses in an attempt to gain an unfair advantage over plaintiff at trial.  This

Court will not excuse such behavior, and therefore, defendant's motions for reconsideration (doc.

nos. 135 and 136) are DENIED.

---

[1]This Court did not order a response from plaintiff on the motions for reconsideration
because plaintiff adequately addressed all of defendant's argument in her original motions in
limine (doc. nos. 80 and 87) and reply thereto (doc. no. 131).

SO ORDERED this 31st day of August, 2006.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge


cc:    All counsel of record