IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

VILMA BOUCHARD, ADMINISTRATRIX OF
ESTATE OF SAMANTHA A. BOUCHARD,

     Plaintiff,                                04cv1798
v.                                          Electronically Filed

CSX TRANSPORTATION, INC.,

     Defendant.

### ORDER OF COURT RE: MOTIONS IN LIMINE (DOC. NOS. 88 AND 124)

Pending before the Court are two motions in limine as follows: Plaintiff's Motion in Limine Regarding Prior Accident History and PUC Determination of Need for Flashing Gates in 1963 (doc. no. 88), and Defendant's Renewed Motion *in Limine* to Preclude Evidence of Accidents Occurring at the Juniper Street Crossing Prior to 1964 (doc. no. 124). By Order of Court (doc. no. 132), dated August 17, 2006, the Court directed the parties to meet and confer on these two motions. The Court has considered said motions in limine and responses thereto (including doc. nos. 89, 113, 114, 123 and 126) as well as the Joint Report Regarding Parties' Motions in Limine (doc. no. 138), defendant's Supplement thereto (doc. no. 142) and plaintiff's response thereto (doc. no. 144). The Court rules that evidence of lack of accidents or evidence of accidents (including the seven (7) accidents referenced to in the February 3, 1964 Order of the PUC) are not relevant to the trial on liability (but may become relevant if the Court reaches the issue of punitive damages), and thus should not be offered or referenced by any parties. The evidence relating thereto is insufficient to establish that any alleged prior incident occurred under the same or similar circumstances and would have a prejudicial effect on the jury. (The parties may submit appropriate jury instructions thereon - see doc. no. 88 at page 1 and doc. no. 123 at

page 1).  However, evidence of the prior derailment may be offered for the limited purpose set forth in paragraph 3 of the Joint Report (doc. no. 138) (see also ¶ 4 of doc. no. 88).

Plaintiff also seeks to exclude "any evidence that the PUC made a determination/order regarding the flashing lights in 1963/1964" [re: February 3, 1964 Order of PUC ordering flashing lights] because supposedly "there have been a number of change[s] to the traffic and to the crossing since 1963" (doc. no. 89 at 3), citing Rule 403 of the Federal Rules of Evidence. However, the evidence of the PUC's determination relating to the installation of the flashing lights is quite relevant and probative and necessary for the jury's complete understanding. Plaintiff certainly may offer evidence of any changes of traffic and/or crossing since 1963 until the time of the accident in May 25, 2003.

Therefore, plaintiff's Motion in Limine (doc. no. 88) is GRANTED in part and DENIED in part and defendant's Motion in Limine is GRANTED.

**SO ORDERED** this 28th day of September, 2006.

 s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:     All counsel of record