IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

VILMA BOUCHARD, EXECUTRIX OF THE
ESTATE OF SAMANTHA A. BOUCHARD,

    PLAINTIFF,                              04CV1798
  V.                                       ELECTRONICALLY FILED

CSX TRANSPORTATION, INC.,

    DEFENDANT.

## **FINAL JURY INSTRUCTIONS ON DAMAGES**

BECAUSE YOU HAVE FOUND THAT DEFENDANT, CSX TRANSPORTATION IS LIABLE TO THE ESTATE OF VILMA BOUCHARD, IT IS MY OBLIGATION TO INSTRUCT YOU ON THE MATTER OF DAMAGES.  YOU MUST FIND AN AMOUNT OF MONEY DAMAGES THAT YOU BELIEVE WILL FAIRLY AND ADEQUATELY COMPENSATE THE ESTATE FOR ALL THE PHYSICAL AND FINANCIAL INJURIES IT HAS SUSTAINED AS A RESULT OF THE OCCURRENCE.  THE AMOUNT YOU AWARD TODAY MUST COMPENSATE THE ESTATE FOR DAMAGES SUSTAINED IN THE PAST, AS

WELL AS DAMAGES THE ESTATE WILL SUSTAIN IN THE FUTURE.

IN DETERMINING THE AMOUNT OF ANY DAMAGES THAT YOU DECIDE TO AWARD, YOU SHOULD BE GUIDED BY DISPASSIONATE COMMON SENSE.  YOU MUST USE SOUND JUDGMENT IN FIXING AN AWARD OF DAMAGES, DRAWING REASONABLE INFERENCES FROM THE FACTS IN EVIDENCE.  YOU MAY NOT AWARD DAMAGES BASED ON SYMPATHY, SPECULATION, OR GUESS WORK.  ON THE OTHER HAND, THE LAW DOES NOT REQUIRE THAT PLAINTIFF PROVE THE AMOUNT OF HIS OR HER LOSSES WITH MATHEMATICAL PRECISION, BUT ONLY WITH AS MUCH DEFINITENESS AND ACCURACY AS CIRCUMSTANCES PERMIT.

WHEN A PERSON DIES, THE DAMAGES THEY WOULD HAVE BEEN ENTITLED TO GO TO THEIR ESTATE OR

SURVIVORS.  THE ESTATE AND SURVIVORS ARE JUST AS ENTITLED TO THESE DAMAGES AS THE DECEASED PERSON WOULD HAVE BEEN HAD SHE SURVIVED.

THE PLAINTIFF, VILMA BOUCHARD, AS THE ADMINISTRATRIX OF THE ESTATE OF THE DECEDENT, SAMANTHA BOUCHARD, CLAIMS DAMAGES UNDER THE WRONGFUL DEATH ACT AND THE SURVIVAL ACT.  SHE IS ENTITLED TO MAKE A CLAIM UNDER BOTH ACTS, BUT THE DAMAGES MUST NOT OVERLAP OR DUPLICATE. WHILE DAMAGES UNDER THE WRONGFUL DEATH ACT ARE INTENDED TO COVER DAMAGES SUSTAINED BY THE FAMILY CAUSED BY THE DEATH OF THE DECEDENT, DAMAGES UNDER THE SURVIVAL ACT BELONG TO THE DECEDENT AND ARE MERELY BROUGHT BY THE ADMINISTRATOR OF HER ESTATE TO RECOVER LOSS TO HER ESTATE.

## **DAMAGES UNDER THE WRONGFUL DEATH ACT**

A.  UNDER THE WRONGFUL DEATH ACT, THE DAMAGES RECOVERABLE BY THE PLAINTIFF ARE AS FOLLOWS:

1.  THE PLAINTIFF IS ENTITLED TO BE AWARDED AN AMOUNT THAT WILL COVER ALL HOSPITAL, MEDICAL, FUNERAL, BURIAL, AND ESTATE ADMINISTRATION EXPENSES INCURRED.  IT HAS BEEN AGREED TO THAT THESE EXPENSES AMOUNT TO $_____.

2.  THE PLAINTIFF IS ENTITLED TO BE AWARDED THE SUM THAT WILL FAIRLY AND ADEQUATELY COMPENSATE DECEDENT'S FAMILY FOR THE MONETARY VALUE OF THE SERVICES, SOCIETY, AND COMFORT THAT SHE WOULD HAVE GIVEN TO HER FAMILY HAD SHE LIVED, INCLUDING SUCH ELEMENTS AS WORK AROUND THE HOME,

PROVISION OF PHYSICAL COMFORTS AND SERVICES, AND PROVISION OF SOCIETY AND COMFORT.

### DAMAGES UNDER THE SURVIVAL ACT

B.  UNDER THE SURVIVAL ACT, THE DAMAGES RECOVERABLE BY THE PLAINTIFF ARE AS FOLLOWS:

1.  THE PLAINTIFF IS ENTITLED TO BE AWARDED THE TOTAL NET AMOUNT THAT THE DECEDENT WOULD HAVE EARNED BETWEEN THE DATE OF HER DEATH AND TODAY.  NET EARNINGS ARE DETERMINED AS FOLLOWS: YOU MUST FIRST CALCULATE THE TOTAL AMOUNT OF THE DECEDENT'S GROSS EARNINGS, INCLUDING THE FRINGE BENEFITS, BETWEEN THE DATE OF DEATH AND TODAY.  FROM THIS AMOUNT, YOU DEDUCT THE AMOUNT OF MONETARY

CONTRIBUTIONS SHE WOULD HAVE MADE TO HER FAMILY DURING THIS PERIOD AND THE AMOUNT OF MONEY THAT THE DECEDENT WOULD HAVE SPENT ON HERSELF FOR HER PERSONAL MAINTENANCE DURING THIS PERIOD. THE PROBABLE COST OF PERSONAL MAINTENANCE INCLUDES ONLY THE NECESSARY AND ECONOMICAL LIVING EXPENSES, SUCH AS FOOD, SHELTER, AND CLOTHING, THAT THE DECEDENT WOULD HAVE BEEN REQUIRED TO SPEND FOR LIVING EXPENSES DURING THIS PERIOD.

2. THE PLAINTIFF IS ALSO ENTITLED TO BE AWARDED THE VALUE OF THE NET AMOUNT THAT THE DECEDENT WOULD HAVE EARNED BETWEEN TODAY AND THE END OF HER LIFE

EXPECTANCY.  AGAIN, NET EARNINGS FOR THIS PERIOD ARE DETERMINED AS FOLLOWS: YOU MUST FIRST CALCULATE THE TOTAL AMOUNT OF THE DECEDENT'S GROSS EARNINGS BETWEEN TODAY AND THE END OF HER LIFE EXPECTANCY; FROM THIS AMOUNT YOU MUST DEDUCT THE PROBABLE COST OF HER NECESSARY AND ECONOMIC LIVING EXPENSES REQUIRED TO SUSTAIN LIFE DURING THIS PERIOD [TOGETHER WITH THE AMOUNT OF MONETARY CONTRIBUTIONS SHE WOULD HAVE MADE TO HER FAMILY DURING THIS PERIOD (WHICH YOU HAVE ALREADY AWARDED UNDER THE WRONGFUL DEATH ACT)].  YOUR AWARD TO THE ESTATE FOR LOST FUTURE NET EARNINGS THUS REPRESENTS THE TOTAL NET

EARNINGS OVER THE DECEDENT'S LIFE EXPECTANCY.

3. THE PLAINTIFF IS ENTITLED TO BE AWARDED AN AMOUNT THAT YOU BELIEVE WILL FAIRLY AND ADEQUATELY COMPENSATE HER FOR THE MENTAL AND PHYSICAL PAIN AND SUFFERING THAT THE DECEDENT ENDURED, NO MATTER HOW SHORT OR LONG THE SUFFERING LASTED, FROM THE MOMENT OF HER INJURY TO THE MOMENT OF HER DEATH AS A RESULT OF THIS INCIDENT.

C. YOU ARE TO ADD EACH OF THESE ITEMS OF DAMAGES TOGETHER IN ITS PROPER CATEGORY AND RETURN YOUR VERDICT IN TWO LUMP SUM AMOUNTS, ONE UNDER THE WRONGFUL DEATH ACT AND THE SECOND UNDER THE SURVIVAL

ACT.  YOU SHOULD NOTE, AS THE VERDICT SLIP STATES, THAT YOU SHOULD AWARD A TOTAL AMOUNT OF DAMAGES UNDER EACH ACT, AND YOU SHOULD <u>NOT</u> REDUCE YOUR AWARD BY THE PERCENTAGE OF CONTRIBUTORY NEGLIGENCE OR FAULT THAT YOU ATTRIBUTED TO PLAINTIFF IN THE LIABILITY PORTION OF THE TRIAL.

## **LIFE EXPECTANCY**

IN ORDER TO DETERMINE THE DAMAGES RECOVERABLE IN THIS CASE, YOU MUST FIRST DETERMINE THE NUMBER OF YEARS THE DECEDENT WOULD HAVE LIVED HAD SHE NOT DIED AS A RESULT OF THIS INCIDENT.  ACCORDING TO THE STATISTICS COMPILED BY THE UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, THE AVERAGE LIFE

EXPECTANCY OF ALL PERSONS OF THE PLAINTIFF'S AGE AT THE TIME OF THE INCIDENT, GENDER, AND RACE WAS ANOTHER 55.5 YEARS. THIS FIGURE IS OFFERED TO YOU ONLY AS A GUIDE, AND YOU ARE NOT BOUND TO ACCEPT IT IF YOU BELIEVE THAT THE PLAINTIFF WOULD HAVE LIVED LONGER OR LESS THAN THE AVERAGE INDIVIDUAL IN HER CATEGORY. IN REACHING THIS DECISION, YOU ARE TO CONSIDER THE PLAINTIFF'S HEALTH PRIOR TO THE INCIDENT, HER MANNER OF LIVING, HER PERSONAL HABITS, AND OTHER FACTORS THAT MAY HAVE AFFECTED THE DURATION OF HER LIFE.

**REITERATION OF JURY DELIBERATION INSTRUCTIONS**

I REMIND YOU ONCE AGAIN THAT YOUR VERDICT MUST REPRESENT THE CONSIDERED JUDGMENT OF EACH JUROR. IN ORDER TO RETURN A VERDICT, IT IS NECESSARY THAT EACH JUROR AGREE. IN OTHER

WORDS, YOUR VERDICT MUST BE UNANIMOUS.

REMEMBER THAT IT IS YOUR DUTY AS JURORS TO CONSULT WITH ONE ANOTHER AND TO DELIBERATE WITH A VIEW TO REACHING AN AGREEMENT, IF YOU CAN DO SO, WITHOUT VIOLATION TO INDIVIDUAL JUDGMENT.  EACH OF YOU MUST DECIDE FOR YOURSELF, BUT ONLY AFTER AN IMPARTIAL CONSIDERATION OF ALL THE EVIDENCE IN THE CASE WITH YOUR FELLOW JURORS.  IN THE COURSE OF YOUR DELIBERATIONS, DO NOT HESITATE TO RE-EXAMINE YOUR OWN VIEWS, AND CHANGE YOUR OPINION, IF CONVINCED IT IS ERRONEOUS.  BUT DO NOT SURRENDER YOUR HONEST CONVICTION AS TO THE WEIGHT OR EFFECT OF THE EVIDENCE, SOLELY BECAUSE OF THE OPINION OF YOUR FELLOW JURORS, OR FOR THE MERE PURPOSE OF RETURNING A VERDICT.

REMEMBER AT ALL TIMES YOU ARE NOT PARTISANS.  YOU ARE JUDGES -- JUDGES OF THE FACTS.  YOUR SOLE INTEREST IS TO SEEK THE TRUTH FROM THE EVIDENCE IN THE CASE.

THE DEPUTY CLERK WILL NOW SWEAR THE BAILIFF ONCE MORE, AND YOU WILL BE ESCORTED TO THE JURY ROOM TO BEGIN YOUR DELIBERATIONS ABOUT DAMAGES.  YOU WILL NOTE FROM THE OATH ABOUT TO BE TAKEN BY THE BAILIFF THAT SHE TOO, AS WELL AS ALL OTHER PERSONS, ARE FORBIDDEN TO COMMUNICATE IN ANY WAY OR MANNER WITH ANY MEMBER OF THE JURY ON ANY SUBJECT TOUCHING THE MERITS OF THE CASE.

***SWEAR LAW CLERK AS BAILIFF***