IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

VILMA BOUCHARD, EXECUTRIX OF THE
ESTATE OF SAMANTHA A. BOUCHARD,

      PLAINTIFF,                 04CV1798

    V.                          ELECTRONICALLY FILED

CSX TRANSPORTATION, INC.,

      DEFENDANT.

## FINAL JURY INSTRUCTIONS ON DAMAGES

BECAUSE YOU HAVE FOUND THAT DEFENDANT, CSX

TRANSPORTATION IS LIABLE TO THE ESTATE OF VILMA

BOUCHARD, IT IS MY OBLIGATION TO INSTRUCT YOU ON

THE MATTER OF DAMAGES.  YOU MUST FIND AN

AMOUNT OF MONEY DAMAGES THAT YOU BELIEVE WILL

FAIRLY AND ADEQUATELY COMPENSATE THE ESTATE

FOR ALL THE PHYSICAL AND FINANCIAL INJURIES IT HAS

SUSTAINED AS A RESULT OF THE OCCURRENCE.  THE

AMOUNT YOU AWARD TODAY MUST COMPENSATE THE

ESTATE FOR DAMAGES SUSTAINED IN THE PAST, AS

WELL AS DAMAGES THE ESTATE WILL SUSTAIN IN THE
FUTURE.

IN DETERMINING THE AMOUNT OF ANY DAMAGES
THAT YOU DECIDE TO AWARD, YOU SHOULD BE GUIDED
BY DISPASSIONATE COMMON SENSE.  YOU MUST USE
SOUND JUDGMENT IN FIXING AN AWARD OF DAMAGES,
DRAWING REASONABLE INFERENCES FROM THE FACTS
IN EVIDENCE.  YOU MAY NOT AWARD DAMAGES BASED
ON SYMPATHY, SPECULATION, OR GUESS WORK.  ON THE
OTHER HAND, THE LAW DOES NOT REQUIRE THAT
PLAINTIFF PROVE THE AMOUNT OF HIS OR HER LOSSES
WITH MATHEMATICAL PRECISION, BUT ONLY WITH AS
MUCH DEFINITENESS AND ACCURACY AS
CIRCUMSTANCES PERMIT.

WHEN A PERSON DIES, THE DAMAGES THEY WOULD
HAVE BEEN ENTITLED TO GO TO THEIR ESTATE OR

SURVIVORS.  THE ESTATE AND SURVIVORS ARE JUST AS
ENTITLED TO THESE DAMAGES AS THE DECEASED
PERSON WOULD HAVE BEEN HAD SHE SURVIVED.

THE PLAINTIFF, VILMA BOUCHARD, AS THE
ADMINISTRATRIX OF THE ESTATE OF THE DECEDENT,
SAMANTHA BOUCHARD, CLAIMS DAMAGES UNDER THE
WRONGFUL DEATH ACT AND THE SURVIVAL ACT.  SHE IS
ENTITLED TO MAKE A CLAIM UNDER BOTH ACTS, BUT
THE DAMAGES MUST NOT OVERLAP OR DUPLICATE.
WHILE DAMAGES UNDER THE WRONGFUL DEATH ACT
ARE INTENDED TO COVER DAMAGES SUSTAINED BY THE
FAMILY CAUSED BY THE DEATH OF THE DECEDENT,
DAMAGES UNDER THE SURVIVAL ACT BELONG TO THE
DECEDENT AND ARE MERELY BROUGHT BY THE
ADMINISTRATOR OF HER ESTATE TO RECOVER LOSS TO
HER ESTATE.

## DAMAGES UNDER THE WRONGFUL DEATH ACT

A.   UNDER THE WRONGFUL DEATH ACT, THE DAMAGES RECOVERABLE BY THE PLAINTIFF ARE AS FOLLOWS:

1.   THE PLAINTIFF IS ENTITLED TO BE AWARDED AN AMOUNT THAT WILL COVER ALL FUNERAL, BURIAL, AND ESTATE ADMINISTRATION EXPENSES INCURRED.  IT HAS BEEN AGREED TO THAT THESE EXPENSES AMOUNT TO $6,918.00.

2.   THE PLAINTIFF IS ENTITLED TO BE AWARDED THE SUM THAT WILL FAIRLY AND ADEQUATELY COMPENSATE DECEDENT'S MOTHER, VILMA BOUCHARD, FOR THE MONETARY VALUE OF THE SERVICES THAT SHE WOULD HAVE GIVEN TO HER FAMILY HAD SHE LIVED, INCLUDING SUCH ELEMENTS AS WORK AROUND THE HOME.

# DAMAGES UNDER THE SURVIVAL ACT

B.     UNDER THE SURVIVAL ACT, THE DAMAGES

RECOVERABLE BY THE PLAINTIFF ARE AS FOLLOWS:

1.     THE PLAINTIFF IS ENTITLED TO BE AWARDED

THE TOTAL NET AMOUNT THAT THE DECEDENT

WOULD HAVE EARNED BETWEEN THE DATE OF

HER DEATH AND TODAY.  NET EARNINGS ARE

DETERMINED AS FOLLOWS: YOU MUST FIRST

CALCULATE THE TOTAL AMOUNT OF THE

DECEDENT'S GROSS EARNINGS, INCLUDING THE

FRINGE BENEFITS, BETWEEN THE DATE OF

DEATH AND TODAY.  FROM THIS AMOUNT, YOU

DEDUCT THE AMOUNT OF MONETARY

CONTRIBUTIONS SHE WOULD HAVE MADE TO

HER FAMILY DURING THIS PERIOD AND THE

AMOUNT OF MONEY THAT THE DECEDENT

WOULD HAVE SPENT ON HERSELF FOR HER

PERSONAL MAINTENANCE DURING THIS PERIOD.

THE PROBABLE COST OF PERSONAL

MAINTENANCE INCLUDES ONLY THE

NECESSARY AND ECONOMICAL LIVING

EXPENSES BASED UPON PLAINTIFF'S STATION IN

LIFE FOR CLOTHING, FOOD, SHELTER, MEDICAL

ATTENTION AND SOME RECREATION.

2.   THE PLAINTIFF IS ALSO ENTITLED TO BE

AWARDED THE VALUE OF THE NET AMOUNT

THAT THE DECEDENT WOULD HAVE EARNED

BETWEEN TODAY AND THE END OF HER WORK

LIFE EXPECTANCY.  AGAIN, NET EARNINGS FOR

THIS PERIOD ARE DETERMINED AS FOLLOWS:

YOU MUST FIRST CALCULATE THE TOTAL

AMOUNT OF THE DECEDENT'S GROSS EARNINGS

BETWEEN TODAY AND THE END OF HER LIFE
EXPECTANCY; FROM THIS AMOUNT YOU MUST
DEDUCT THE PROBABLE COST OF HER
NECESSARY AND ECONOMIC LIVING EXPENSES
REQUIRED TO SUSTAIN LIFE DURING THIS
PERIOD [TOGETHER WITH THE AMOUNT OF
MONETARY CONTRIBUTIONS SHE WOULD HAVE
MADE TO HER FAMILY DURING THIS PERIOD
(WHICH YOU HAVE ALREADY AWARDED UNDER
THE WRONGFUL DEATH ACT)].   YOUR AWARD
TO THE ESTATE FOR LOST FUTURE NET
EARNINGS THUS REPRESENTS THE TOTAL NET
EARNINGS OVER THE DECEDENT'S WORK LIFE
EXPECTANCY.

3.    THE PLAINTIFF IS ENTITLED TO BE AWARDED
AN AMOUNT THAT YOU BELIEVE WILL FAIRLY

AND ADEQUATELY COMPENSATE HER FOR THE

MENTAL AND PHYSICAL PAIN AND SUFFERING

THAT THE DECEDENT ENDURED, NO MATTER

HOW SHORT OR LONG THE SUFFERING LASTED,

FROM THE MOMENT OF HER INJURY TO THE

MOMENT OF HER DEATH AS A RESULT OF THIS

INCIDENT.  YOU MAY ALSO AWARD AN AMOUNT

THAT YOU BELIEVE WILL COMPENSATE

PLAINTIFF FOR ANY PRE-IMPACT FRIGHT  THAT

THE DECEDENT EXPERIENCED.

C.     YOU ARE TO ADD EACH OF THESE ITEMS OF

DAMAGES TOGETHER IN ITS PROPER CATEGORY

AND RETURN YOUR VERDICT IN TWO LUMP SUM

AMOUNTS, ONE UNDER THE WRONGFUL DEATH

ACT AND THE SECOND UNDER THE SURVIVAL

ACT.  YOU SHOULD NOTE, AS THE VERDICT SLIP

STATES, THAT YOU SHOULD AWARD A TOTAL

AMOUNT OF DAMAGES UNDER EACH ACT, AND

YOU SHOULD <u>NOT</u> REDUCE YOUR AWARD BY

THE PERCENTAGE OF CONTRIBUTORY

NEGLIGENCE OR FAULT THAT YOU ATTRIBUTED

TO PLAINTIFF IN THE LIABILITY PORTION OF

THE TRIAL.

## <u>LIFE EXPECTANCY</u>

IN ORDER TO DETERMINE THE DAMAGES

RECOVERABLE IN THIS CASE, YOU MUST FIRST

DETERMINE THE NUMBER OF YEARS THE DECEDENT

WOULD HAVE LIVED HAD SHE NOT DIED AS A RESULT OF

THIS INCIDENT.  ACCORDING TO THE STATISTICS

COMPILED BY THE UNITED STATES DEPARTMENT OF

HEALTH AND HUMAN SERVICES, THE AVERAGE LIFE

EXPECTANCY OF ALL PERSONS OF THE PLAINTIFF'S AGE

AT THE TIME OF THE INCIDENT, GENDER, AND RACE WAS

ANOTHER 55.5 YEARS.  THIS FIGURE IS OFFERED TO YOU

ONLY AS A GUIDE, AND YOU ARE NOT BOUND TO ACCEPT

IT IF YOU BELIEVE THAT THE PLAINTIFF WOULD HAVE

LIVED LONGER OR LESS THAN THE AVERAGE

INDIVIDUAL IN HER CATEGORY.  IN REACHING THIS

DECISION, YOU ARE TO CONSIDER THE PLAINTIFF'S

HEALTH PRIOR TO THE INCIDENT, HER MANNER OF

LIVING, HER PERSONAL HABITS, AND OTHER FACTORS

THAT MAY HAVE AFFECTED THE DURATION OF HER LIFE.

## <u>INCOME TAXATION</u>

FINALLY, ANY AMOUNT YOU MAY AWARD THE

PLAINTIFF WILL NOT BE SUBJECT TO INCOME TAXATION.

THEREFORE, YOU SHOULD NOT CONSIDER ANY TAX

CONSEQUENCES OF ANY POTENTIAL AWARD AND YOU

SHOULD NOT ADD OR SUBTRACT TAXES IN FIXING THE

AMOUNT OF ANY AWARD.

## REITERATION OF JURY DELIBERATION INSTRUCTIONS

I REMIND YOU ONCE AGAIN THAT YOUR VERDICT MUST REPRESENT THE CONSIDERED JUDGMENT OF EACH JUROR.  IN ORDER TO RETURN A VERDICT, IT IS NECESSARY THAT EACH JUROR AGREE.  IN OTHER WORDS, YOUR VERDICT MUST BE UNANIMOUS.

REMEMBER THAT IT IS YOUR DUTY AS JURORS TO CONSULT WITH ONE ANOTHER AND TO DELIBERATE WITH A VIEW TO REACHING AN AGREEMENT, IF YOU CAN DO SO, WITHOUT VIOLATION TO INDIVIDUAL JUDGMENT.  EACH OF YOU MUST DECIDE FOR YOURSELF, BUT ONLY AFTER AN IMPARTIAL CONSIDERATION OF ALL THE EVIDENCE IN THE CASE WITH YOUR FELLOW JURORS.  IN THE COURSE OF YOUR DELIBERATIONS, DO NOT HESITATE TO RE-EXAMINE

YOUR OWN VIEWS, AND CHANGE YOUR OPINION, IF

CONVINCED IT IS ERRONEOUS.  BUT DO NOT SURRENDER

YOUR HONEST CONVICTION AS TO THE WEIGHT OR

EFFECT OF THE EVIDENCE, SOLELY BECAUSE OF THE

OPINION OF YOUR FELLOW JURORS, OR FOR THE MERE

PURPOSE OF RETURNING A VERDICT.

REMEMBER AT ALL TIMES YOU ARE NOT

PARTISANS.  YOU ARE JUDGES -- JUDGES OF THE FACTS.

YOUR SOLE INTEREST IS TO SEEK THE TRUTH FROM THE

EVIDENCE IN THE CASE.

THE DEPUTY CLERK WILL NOW SWEAR THE BAILIFF

ONCE MORE, AND YOU WILL BE ESCORTED TO THE JURY

ROOM TO BEGIN YOUR DELIBERATIONS ABOUT

DAMAGES.  YOU WILL NOTE FROM THE OATH ABOUT TO

BE TAKEN BY THE BAILIFF THAT SHE TOO, AS WELL AS

ALL OTHER PERSONS, ARE FORBIDDEN TO

-12-

COMMUNICATE IN ANY WAY OR MANNER WITH ANY

MEMBER OF THE JURY ON ANY SUBJECT TOUCHING THE

MERITS OF THE CASE.


   ***SWEAR LAW CLERK AS BAILIFF***